UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GIGENA, AMERICAN LIGHT HORESEMAN SUB-AGENCY OF THE KINDOM OF HAYAH HAWAH,<br><br>Plaintiff,<br><br>v.<br><br>AMADOR COUNTY, et al,<br><br>Defendants. | No. 2:23-cv-01661 DJC AC PS<br><br>ORDER |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

I.  SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

////

1

1  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-
2  policies/current-rules-practice-procedure/federal-rules-civil-procedure.

3  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and
4  plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
5  court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
6  to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
7  sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.
8  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in
9  the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
10 Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

11 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
13 court will (1) accept as true all of the factual allegations contained in the complaint, unless they
14 are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
15 plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von
16 Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.
17 denied, 564 U.S. 1037 (2011).

18 The court applies the same rules of construction in determining whether the complaint
19 states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
20 must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
21 construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
22 less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
23 (1972).  However, the court need not accept as true conclusory allegations, unreasonable
24 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
25 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
26 to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
27 556 U.S. 662, 678 (2009).
28 ////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

The putative complaint is difficult to understand. Plaintiff indicates that he seeks relief under 42 U.S.C. §1983 for violation of his right to "free exercise of Title 25 sec 1302(a)(5) and 1304(a)(5) within our Federally Recognized American Indian Territory as an Apache Nation," as well as violation of his rights to equal protection and due process. ECF No. 1 at 3. He alleges a conspiracy among defendants to deprive him of these rights. Id. at 4. Plaintiff alleges the violations occurred in "Amador County on the Tribe's Federally Recognized American Indian Tribal Reservation." Id. When prompted to explain the facts underlying his claims, plaintiff writes "in case 23CV13205 in the Superior Court of Amador County, defendant's process on its face is improper." Id. Plaintiff goes on to allege that service was improper, and a trial was set in the middle of interrogatories and discovery. Id. Plaintiff alleges that defendants "are trying to evade the answering for their crimes concerning the improper use of the Federal Funding of the Paycheck Protection Program (PPP) Loan and not properly using permits and the defendant is required to obtain in Amador County." Id. He states that defendants are aiding and abetting criminals wanted by "the Tribe." Id.

## III.  FAILURE TO STATE A CLAIM

The complaint cannot be served at this time for several reasons. First, the complaint does not contain a "short and plain" statement identifying plaintiff's claims, explaining the underlying facts or plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1)-(3). The exact nature of what happened to plaintiff is unclear

3

from the complaint, which does not clearly state what any of the named defendants did to violate plaintiff's rights.  The court cannot tell from examining the complaint what legal wrong may have been done to plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff seeks.

Second, the complaint does not state any claim upon which relief can be granted.  Though plaintiff lists rights that he believes have been violated, he does not connect any facts to violations of specific constitutional rights.  It is not enough for a plaintiff to state generally that his rights were violated; to state a claim upon which relief can be granted, plaintiff must clearly identify claims for legal relief, and then support those claims with related facts.

Finally, plaintiff is informed that as a pro se litigant, he may represent only himself.  He may not represent any other individuals, including family members, or any entity including an organization, agency, tribe or sovereign.  See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962).

## IV.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of plaintiff's claims.  Each legal claim must be supported with related facts.  The allegations of the complaint must be set forth in  sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should

contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V.  PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court.  The court cannot tell from your complaint what legal harm was done to you.  Because the complaint as written does not state any clear legal claims with supporting facts, it will not be served on defendants.  Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint that provides a proper basis for federal jurisdiction.  If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how.  You need to show what each named defendant did to cause the violation of your rights.  Without this information, the court cannot tell what legal claims you are trying to bring against the defendants.  If you do not submit

an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## VI.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: August 16, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE