UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL OMAR GIGENA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREA SEXTON, et al,<br><br>Defendants. | No. 2:23-cv-1661 DJC AC PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. The matter was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff previously filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion for IFP was granted, but pursuant to the screening process described below, the complaint was rejected and not served because it did not state a claim upon which relief could be granted. ECF No. 3. Plaintiff was given the opportunity to file an amended complaint suitable for service. Id. Before the court now for screening is plaintiff's amended complaint. ECF No. 6.

I. SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

1

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

Plaintiff's amended complaint is difficult to understand, containing multiple disconnected and/or unintelligible statements and allegations. For example, the amended complaint begins by plaintiff stating he is the "Grantor and First Trustee of the Amador County Guardians of the California Riders of the Kings and Queens of the North West of the Free Sovereign People of Hayah Hawah, A Private Unincorporated Associated Trust of Free Peoples of the Kingdom of Hayah Hawah, established by the Organic Act of August 16, 2018 in the Year of Jubilee." ECF No. 6 at 1. Under the title "statement of complaint" plaintiff states that he was a contracted worker and sublease tenant of "John" who is the largest land holder in Amador County, and who deprived him of wages. Plaintiff goes on to refer to various court cases in which he alleges his rights were denied, though plaintiff does not provide clear or intelligible facts to support any specific claims. Id. at 6-9. Plaintiff also raises the issue of a social services worker refusing to process plaintiff's general assistance in connection to a criminal case. Id. at 9. Plaintiff attaches 314 pages of exhibits, which range from email chains to filings from other courts. ECF No. 6-1.

## III.  ANALYSIS

The amended complaint does not contain facts supporting any cognizable legal claim against any defendant, and the contents of the amended complaint make it clear that plaintiff will be unable to file a complaint that can be served. The court finds that the complaint consists entirely of delusional and/or unsupported allegations with no basis in law and no plausible supporting facts. See ECF No. 6. The contents of the complaint are sufficiently unintelligible to make it clear that further leave to amend in this case would not be fruitful. The undersigned will therefore recommend that the complaint be dismissed with prejudice.

IV.   PRO SE PLAITNIFF'S SUMMARY

It is being recommended that your case be dismissed because your amended complaint does not state a legal claim. You may file objections to this recommendation within 21 days.

V.  CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that the amended complaint (ECF No. 6), inclusive of all claims against all defendants, should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: September 28, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE