1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GABRIEL GIGENA,                          No. 2:23-cv-01661-DJC-AC-PS

12              Plaintiff,

13        v.                                   ORDER REVOKING *IN FORMA PAUPERIS*
                                               STATUS
14    ANDREA SEXTON; PATRICK M.
15    KEENE; JOHN ALLEN; ADAM ALLEN;
      and BRIAN ALLEN,
16
17              Defendants.

18

19        Plaintiff, proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983

20    against Defendants who are individuals affiliated with Amador County, alleging that

21    Defendants interfered with and denied Plaintiff the rights owed to a federally

22    recognized Indian tribe and breached a contract with Plaintiff.  Plaintiff filed the

23    Complaint on August 5, 2023. (*See* ECF No. 1.)  The matter was referred to a United

24    States Magistrate Judge pursuant to the Eastern District of California's Local Rules.

25        On August 10, 2023, Plaintiff filed a Motion to Proceed *In Forma* Pauperis, (See

26    ECF No. 2.)  On August 17, 2023, the Magistrate Judge granted Plaintiff's Motion to

27    Proceed *In Forma Pauperis* and instructed Plaintiff to file an amended complaint within

28    30 days.  (*See* ECF No. 3.)

1

1    On September 6, 2023, Plaintiff filed the First Amended Complaint.  (*See* ECF

2    No. 6.)  On September 29, 2023, the Magistrate Judge issued her Findings and

3    Recommendations, recommendation that the Proposed First Amended Complaint be

4    dismissed.  (*See* ECF No. 7.)  The Magistrate Judge recommended dismissing with

5    prejudice the Amended Complaint because "[t]he amended complaint does not

6    contain facts supporting any cognizable legal claim against any defendant, and the

7    contents of the amended complaint ma[d]e it clear that plaintiff will be unable to file a

8    complaint that can be served."  (ECF No. 7 at 3.)  The Magistrate Judge specifically

9    found that the "amended complaint is difficult to understand, containing multiple

10   disconnected and/or unintelligible statements and allegations[,]" and "refer[s] to

11   various court cases in which [Plaintiff] alleges his rights were denied, though [P]laintiff

12   does not provide clear or intelligible facts to support any specific claims."  (*Id*.)

13   Plaintiff timely filed his Objections.  (*See* ECF No. 8.)

14   On February 2, 2024, the Court adopted in full the Magistrate Judge's Findings

15   and Recommendations.  (*See* ECF No. 11.)  Plaintiff then moved to appeal the Court's

16   decision, which prompted the Ninth Circuit Court of Appeals to refer the matter back

17   to this Court "for the limited purpose of determining whether in forma paupers status

18   should continue for this appeal or whether the appeal is frivolous or taken in bad

19   faith."  (ECF No. 16.)

20   Federal Rule of Appellate Procedure 24 governs applications to proceed *in*

21   *forma pauperis* on appeal.  Rule 24(a)(3) states that where a party was previously

22   granted in forma pauperis status in the district court action, that party is permitted to

23   proceed in forma pauperis on appeal without further authorization.  Here, Plaintiff was

24   previously granted *in forma pauperis* status on August 17, 2023.  (*See* ECF No. 3.)  As

25   such, Plaintiff may not proceed *in forma pauperis* on appeal unless "the district court –

26   before or after the notice of appeal is filed – certifies that the appeal is not taken in

27   good faith or finds that the party is not otherwise entitled to proceed *in forma*

28

1    *pauperis* and states in writing its reasons for the certification or finding."  Fed. R. App.

2    P. 24(a)(3)(A).

3           Plaintiff's original Complaint indicated that he sought to bring an action

4    regarding alleged procedural errors in another judicial process against him and for

5    "harboring as well as aiding and abetting criminals that are wanted by the Tribe in

6    violation of 25 United States Code sec. 1304(a)(5) Tribal covered crimes as well as

7    treaty obligations and Federal Trusts delegated duties."  (ECF No. 1 at 4.)  Upon

8    granting Plaintiff's Motion to Proceed *In Forma Pauperis*, the Magistrate Judge

9    instructed Plaintiff to file an Amended Complaint.  The Magistrate Judge found that

10   the Proposed First Amended Complaint failed to provide a single cognizable legal

11   theory despite several disjointed allegations.  When reviewing *de novo* the Magistrate

12   Judge's Findings and Recommendations, the Court considered Plaintiff's objections.

13   (*See* ECF No. 5 at 5–16.)  However, Plaintiff's objections suffered from the same flaw as

14   before, again providing pages of disjointed legal theories alleging procedural errors,

15   this time pointing to what Plaintiff alleges are the local rules of the jurisdiction, and

16   opining on tribal sovereignty and the history of equity.  (*See* ECF No. 8 at 3–6, 9–17,

17   20–22.)  This Court was again unable to identify a single cognizable legal theory.

18          On appeal, Plaintiff again fails to provide support for any cognizable legal

19   theory.  (*See* ECF No. 13.)  Plaintiff provides a few government records concerning

20   cash payments and his enrollment in Medi-Cal's Managed Health Plan but no

21   arguments or explanation connecting these documents to his claims.  (*See* ECF No. 13

22   at 12–13, 16.)  Moreover, Plaintiff's chief complaints appear to arise from his claim to

23   be part of a federally recognized Indian tribe.  (*See, e.g.*, ECF No. 1 at 3 ("Defendants

24   are prohibiting the Plaintiff's free exercise of Title 25 sec 1302(a)(5) and 1304(a)(5)

25   within our Federally Recognized American Indian Territory as an Apache Nation . . . .");

26   ECF No. 6 at 7 (alleging that one person "video recorded stalking the Plaintiff's home

27   in violation of 25 U.S.C. 1304(a)(5) . . . .").)  However, the closest Plaintiff comes to

28   providing any evidence that he is a member of a federally recognized Indian tribe

1  comes from a "Colleen Dawson Stewart" who, using a Hotmail email account and

2  typing on plain paper, wrote a letter stating that Plaintiff "is the recognized American

3  Indian Chief of California Territory."  (ECF No. 13 at 5.)  Plaintiffs provide no

4  government documents supporting Plaintiff's or Colleen Dawson Stewart's assertions.

5  Therefore, the Court will now certify that the appeal is not taken in good faith.  As a

6  result, Plaintiff is not entitled to proceed *in forma pauperis* on appeal based on

7  Plaintiff's prior *in forma pauperis* status in the district court action.  *See* Fed. R. App. P.

8  24(a)(3)(A).  Any request to proceed *in forma pauperis* must be sent directly to the

9  Ninth Circuit Court of Appeals.

10         Accordingly, IT IS HEREBY ORDERED that:

11         1.      The Court certifies that the appeal is not taken in good faith; and

12         2.      The Clerk of the Court is directed to notify the U.S. Court of Appeals for

13                 the Ninth Circuit that this Court certifies, pursuant to Federal Rule of

14                 Appellate Procedure 24(a)(3)(A), that Plaintiff's appeal is not taken in

15                 good faith, and he must therefore seek further authorization from the

16                 Court of Appeals pursuant to Federal Rule of Appellate Procedure Rule

17                 24(a)(5) to obtain leave to proceed in forma pauperis.

18

19         IT IS SO ORDERED.

20  Dated:   **March 8, 2024**

21                                                      Hon. Daniel J. Calabretta
                                                        UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27  DJC3 – Gigena.23cv1661.IFP.Revocation

28